Linda KANDEL et al., Petitioners

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 07–1044.

United States Court of Appeals, District of Columbia Circuit.

Jan. 28, 2008.

Glenn Matthew Taubman, William Louis Messenger, National Right to Work Legal Defense Foundation, Springfield, VA, for Petitioners.

Steven Brian Goldstein, Attorney, Aileen A. Armstrong, Deputy Associate General Counsel, David S. Habenstreit, Attorney, National Labor Relations Board, Washington, DC, for Respondent.

Before: HENDERSON, RANDOLPH and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was heard on the record from the National Labor Relations Board (Board) and on the briefs filed by counsel. It is

**ORDERED** that the petition for review be dismissed for lack of jurisdiction. In November 2000, Heartland Industrial Partners, LLC (Heartland) entered an agreement (Heartland Agreement) with the United Steelworkers of America (now United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union) (Union), which required Heartland to direct that any business in which it obtained a controlling interest execute an agreement with the Union to remain neutral in any union organization campaign and to permit unionization by authorization card alone. In January 2001, Heartland acquired an interest in Collins & Aikman Corp. and in January 2003 caused Collins & Aikman Corp. to execute an agreement with the Union (C&A Agreement) pursuant to the Heartland Agreement. In August 2003, the petitioners, four employees at an automotive manufacturing facility

Collins & Aikman Corp. operated in Holmesville, Ohio, filed a charge with the Board alleging that the Heartland Agreement, as enforced through the C&A Agreement, violated section 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e). The Board held the petitioners' challenge to the Heartland Agreement was "not timely with respect to the Collins & Aikman agreement" because it was executed more than six months before the petitioners filed a charge but was timely as to a separate agreement, dated July 11, 2003, which Heartland required a different company (Trimas Corp.) to execute with the Union pursuant to the Heartland Agreement. *See Heartland Indus. Partners, LLC*, 348 N.L.R.B. No. 72, at 2. On the merits, the Board found the Heartland Agreement did not violate section 8(e) and the petitioners filed a petition for review of the Board's order. While the petition was pending, Collins & Aikman Corp. sold the Holmesville, Ohio facility to International Automotive Components of Group North America, Inc., which is not subject to the Heartland Agreement. *See Patterson v. Heartland Indus. Partners, LP*, C.A. Nos. 06–3791, 06–3792, Stipulation of Dismissal (6th Cir. filed October 25, 2007); Jan. 6, 2008 Aff. of Linda McCurdy ¶ 5; Jan. 7, 2008 Decl. of Ron Bloom ¶¶ 3–4. Because the petitioners lacked standing under Article III of the United States Constitution at the time the petition was filed, the petition must be dismissed. *See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 191, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (court assesses standing as of "the time the action commences").

"'The "irreducible constitutional minimum of standing contains three elements": (1) injury-in-fact, (2) causation, and (3) redressability.'" *Miami Bldg. & Constr. Trades Council v. Sec'y of Def.*, 493 F.3d 201, 205 (D.C.Cir.2007) (quoting *Rainbow/Push Coal. v. FCC*, 396 F.3d 1235, 1240 (D.C.Cir.2005) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))). To establish redressability, a party must demonstrate that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Defenders of Wildlife*, 504 U.S. at 561, 112 S.Ct. 2130 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). It was not likely when the petition was filed that a decision by the court favorable to the petitioners would redress the injuries allegedly caused by the pro-union terms of the C&A Agreement—such as the claimed intrusive union solicitation and potential involuntary union membership. The Board held the petitioners' charge was untimely as to the C&A Agreement and the only challenge before us is to the Heartland Agreement. If the court were to overturn the Board's majority decision and declare the challenged section of the Heartland Agreement "unlawful, void, and unenforceable"—the relief the petitioners request, *see* Petitioners' Br. at 62—such a ruling would have no effect on the unchallenged C&A Agreement, which was the immediate cause of the asserted injuries.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.